In the Matter of WALTER ROGER HUNT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 30, 1961.

*Raymond P. Whearty* of counsel (*Eric Nightingale*, attorney), for petitioner.

*William V. Burke* for respondent.

*Per Curiam.* The respondent in this disciplinary proceeding was admitted to practice in this Department on November 13, 1922. Since 1928 he has not been actively engaged in the practice of the law but has been engaged principally in the banking field. He is charged with professional misconduct in that he was guilty of obtaining funds by "fraud, deceit and misrepresentation."

The evidence substantiates the charge that the respondent solicited funds in the amount of $1,800 from an elevator operator with whom he was acquainted by falsely representing that such funds would be invested with resultant good returns. In fact, however, such funds were not invested but were used for respondent's personal needs. The explanation offered by the respondent that the transaction was a loan was rejected by the Referee and the evidence requires our confirmation of his findings. Even if his explanation that the transaction was a loan be accepted we find that his subsequent conduct when demands were made for repayment was not up to the standards expected of a member of the Bar. His evasive answers to such demands did not evidence a bona fide intention to return the money. Indeed, only after a complaint was filed with the Bar Association was any substantial part thereof returned.

398

It is no defense to this charge that there existed no attorney-client relationship between respondent and the one who parted with the money. The absence of such a relationship does not preclude a finding of professional misconduct where the conduct involved is such as to jeopardize the public in its justifiable reliance upon " the integrity and responsibility of the legal profession." (*Matter of Gould,* 4 A D 2d 174, 175.)

The respondent was admitted in 1922. He is 68 years of age. He has no record of any prior misconduct. In view of all the circumstances we feel that a suspension of two years would be appropriate.

The respondent should be suspended for a period of two years.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and MCNALLY, JJ., concur.

Respondent suspended for a period of two years.